# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DANNY MICHAEL SHATSWELL, JR.,<br><br>Movant. | No. 2:12-cr-00271-TLN-CKD-1<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner currently incarcerated at the Santa Rita Jail, filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned on May 15, 2019. For the reasons outlined below, the undersigned recommends granting respondent's motion to dismiss.

**I.    Factual and Procedural History**

On July 26, 2012, movant was charged with producing a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2551. He entered a guilty plea to the charge on March 19, 2015. ECF No. 32 (minutes of change of plea hearing). As part of his guilty plea, movant agreed to waive his right to bring a collateral attack motion pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241. See ECF No. 35 at 11 (plea agreement). On September 10,

////

////

1

2015, movant was sentenced to a term of 282 months imprisonment followed by supervised release for 240 months.[1]  ECF No. 52 (minutes of sentencing hearing).

On May 13, 2019, the pending motion to vacate, set aside, or correct sentence was filed on behalf of movant by Christy Carrizales, his sister.[2]  ECF No. 62 at 17.  Movant did not sign the motion, nor did he verify the contents thereof under penalty of perjury.  ECF No. 62 at 12.  Movant's sister indicated that "[d]ue to the sensitive nature of the charges, [movant] would be in danger if anyone within the prison system were to be aware of the charges against him."  Id.

Respondent filed a motion to dismiss on July 10, 2019 arguing that the unsigned habeas petition violates Rule 2 of the Federal Rules Governing Section 2255 Proceedings.  ECF No. 67 at 2.  Movant's sister filed an opposition to the motion to dismiss on July 15, 2019 citing 28 U.S.C. § 2242 which allows a habeas corpus application to be signed and verified by someone acting on the prisoner's behalf.  ECF No. 70 at 2.  After the motion to dismiss was fully briefed, movant filed a letter as well as a change of address directly with the court.  ECF Nos. 74-75.

**II.     Legal Standards**

"It is well established… that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."  Whitmore v. Arkansas, 495 U.S. 149, 154 (1990).  The question of standing "is a manifestation of the Article III case-or-controversy requirement."  Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002).  "Where standing is lacking, the federal courts lack the power to grant habeas relief."  Zettlemoyer v. Horn, 53 F.3d 24, 26 (3d Cir. 1995).

In 1948, Congress amended the federal habeas corpus statute to allow a "next friend" or person "acting in behalf" of a prisoner to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  See 28 U.S.C. § 2242.  "A 'next friend' does not himself become a party to the

---

[1] The term of imprisonment was ordered to run concurrently with any other sentence movant was currently serving.  See ECF No. 54 at 2 (Judgment and Commitment Order).

[2] Notably, this § 2255 motion does not challenge the voluntariness of movant's guilty plea in which he waived his right to bring a collateral attack motion.  It only raises issues related to the sentence he received.

2

habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. A two-part test is used to determine whether a court should grant next of friend status to a non-party. Massie ex rel. Kroll v. Woodford, 244 F.3d 1192, 1194 (9th Cir. 2001). "[T]he putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." Massie, 244 F.3d at 1194.

The burden is on the "next friend" to "establish the propriety of his status and thereby justify the jurisdiction of the court." Whitmore, 495 U.S. at 164. The litigant must clearly and specifically set forth facts sufficient to satisfy the Article III standing requirement because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." Id. at 155–156. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (cited with approval in Whitmore, 495 U.S. at 163).

### III. Analysis

In this case, the only basis that movant's sister provides to establish her standing to file the instant § 2255 motion is the nature of the movant's conviction that puts him in danger in prison. However, this is not a recognized disability or mental impairment that justifies next of friend status. See Massie, 244 F.3d at 1194, 1196 (emphasizing that the "putative next friend must present 'meaningful evidence' that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision."). Nor does it establish that movant lacks access to this court to file his own § 2255 motion. In fact, movant has demonstrated that he is capable of filing pleadings directly with the court without the assistance of his sister. See ECF Nos. 74-75. Thus, movant's sister has not demonstrated the first factor for

establishing next of friend status.[3] See Whitmore, 495 U.S. at 165 (concluding that "'next friend' standing is not satisfied where an evidentiary hearing shows that the defendant has given a knowing, intelligent, and voluntary waiver of his right to proceed, and his access to court is otherwise unimpeded."). Accordingly, this court lacks jurisdiction to review the constitutional claims presented in movant's § 2255 motion. For this reason, the undersigned recommends dismissing the § 2255 motion without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 67) be granted.
2. Movant's motion to vacate, set aside, or correct his sentence (ECF No. 62) be dismissed without prejudice based on lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file

---

[3] The undersigned finds it unnecessary to address the second factor necessary to establish standing, i.e., whether movant's sister has a significant relationship with him and is dedicated to his best interests. See Whitmore v. Arkansas, 495 U.S. at 164 (1990).

4

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2020

                                   CAROLYN K. DELANEY
                                   UNITED STATES MAGISTRATE JUDGE

12/shat0271.F&RStanding.docx